Filed 9/5/14  P. v. Barker CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRENT LANCE BARKER,<br><br>    Defendant and Appellant. | A140047<br><br>(Del Norte County<br>Super. Ct. Nos. CRF 12-9484,<br>CRF 13-9129) |

Defendant Brent Lance Barker appeals from an order placing him on probation after he pled guilty to possession of methamphetamine and felony failure to appear. (Health & Saf. Code, § 11377, subd. (a); Pen. Code, § 1320, subd. (b).)  His court-appointed counsel has filed a brief raising no issues, but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We find no arguable issues and affirm.

## I.  BACKGROUND

On August 13, 2012, defendant failed to appear in court on a felony drug possession case and a $15,000 bench warrant issued.  On December 14, 2012, the Del Norte County District Attorney filed an information charging defendant with failing to appear in a criminal action after he had been released on his own recognizance, in violation of Penal Code section 1320, subdivision (b) (case No. CRF 12-9484).

On January 19, 2013, defendant was stopped by an officer who knew he had active warrants and was placed under arrest.  Defendant was riding a bicycle at the time and was carrying methamphetamine, a small amount of marijuana, and a smoking pipe.  On

1

February 14, 2013, the Del Norte County District Attorney filed a criminal complaint charging defendant with transportation of methamphetamine, possession of methamphetamine, and possession of drug paraphernalia under Health and Safety Code sections 11379, 11377 and 11364 (case No. CRF 13-9129).

On August 28, 2013, defendant entered into a plea agreement under which he pled guilty to possession of methamphetamine and felony failure to appear in exchange for probation and a dismissal of the other charges noted above and charges in other pending cases. Although the court initially considered placing defendant on probation subject to drug treatment under Proposition 36 on the possession of methamphetamine count (see *People v. Barros* (2012) 209 Cal.App.4th 1581, 1584; Pen. Code, § 1210.1), defendant believed it would be too difficult to comply with the requirements of separate probation programs and waived his right to sentencing under Proposition 36.

On October 3, 2013, the court suspended imposition of sentence and placed defendant on felony probation, subject to various conditions and the service of 180 days of jail time. Defendant filed a notice of appeal in each of the two cases (Nos. CRF 12-9484 & CRF 13-9129), indicating he was appealing from the sentence or other matters occurring after the plea.

Defendant's probation was later terminated after he admitted a violation. He was sentenced to three years, eight months in prison, with 22 months of this sentence to be served in jail and the remainder on community supervision, pursuant to Penal Code section 1170, subdivision (h)(5)(B)(i).

## II. DISCUSSION

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note appointed counsel has filed a *Wende/Anders* brief raising no issues and defendant, having been advised of his right to file a supplemental brief, has not filed one. We have independently reviewed the entire record for potential error and find none.

Defendant did not seek or obtain a certificate of probable cause and cannot challenge the validity of his plea. (Pen. Code, § 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099.) As to postplea matters, defendant pled guilty to two felony

2

charges and was placed on probation in accordance with the terms of his probation agreement. His subsequent admission of a probation violation and the termination of his probation renders moot a challenge to any condition of probation. (*In re R.V.* (2009) 171 Cal.App.4th 239, 242, 245-246.) The judgment entered following the probation violation postdates the notices of appeal filed in this case and is not before us in this appeal.

We are satisfied defendant's appointed attorney has fully complied with the responsibilities of appellate counsel and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 283.)

## III. DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P.J.

_____

BRUINIERS, J.

3